NUMBER 13-09-00189-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


______________________________________________________________


RICARDO RENDON, Appellant,


v.



THE STATE OF TEXAS, Appellee.

_____________________________________________________________


On appeal from the 214th District Court


of Nueces County, Texas.


______________________________________________________________


MEMORANDUM OPINION


Before Justices Yañez, Rodriguez, and Garza


Memorandum Opinion Per Curiam



 Appellant, Ricardo Rendon, was convicted of possession of cocaine. On March 18,
2009, appellant filed a notice of appeal by and through his attorney. The trial court's
certification of the defendant's right to appeal shows that the defendant does not have the
right to appeal. See Tex. R. App. P. 25.2(a)(2).

 On April 15, 2009, this Court notified appellant's counsel of the trial court's
certification and ordered counsel to: (1) review the record; (2) determine whether appellant
has a right to appeal; and (3) forward to this Court, by letter, counsel's findings as to
whether appellant has a right to appeal, or, alternatively, advise this Court as to the
existence of any amended certification. The Court did not receive a response to the order,
but received appellant's motion to dismiss which failed to comply with the appellate rules. 
See Tex. R. App. P.42.2. The Court requested that appellant file an amended motion to
dismiss. When an amended motion to dismiss was not received, the Court abated and
remanded the case to the trial court for a hearing to determine why counsel failed to
comply with this Court's order.

 On November 24, 2009, the trial court held a hearing. Appellant's counsel indicated
that the appellant did not wish to pursue the appeal and stated that a motion to dismiss
would be filed. An amended motion to dismiss was never filed with this Court. 
Accordingly, this Court abated the appeal and remanded a second time. At that hearing,
the trial court found that the appellant waived his right to appeal.

 Although appellant's motion to dismiss is not in compliance with Rule 42.2(a) of the
Texas Rules of Appellate Procedure, based upon appellant's expressed desire to forego
pursuit of his appeal, as evidenced by his written waiver of appeal, we conclude that good
cause exists to suspend the signature requirement of Rule 42.2(a). See Tex. R. App. P.
2. Appellant's motion to dismiss is GRANTED. Accordingly, we dismiss the appeal.


 PER CURIAM

Do not publish. 

Tex. R. App. P. 47.2(b). 

Delivered and filed the

15th day of April, 2010.